UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TY DONALD BRADFORD,<br><br>                Plaintiff,<br><br>v.<br><br>JACKSON SERVICE STATION,<br><br>                Defendants. | Case No. 1:22-cv-00166-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Ty Donald Bradford's Complaint as a result of Plaintiff's in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. § 1915. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1. **Pleading Standards and § 1915 Screening**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal*/*Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

Under 28 U.S.C. § 1915, the Court may screen complaints filed in forma pauperis to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that

might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**2.   Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction. Plaintiff alleges that a Jackson's service station on Overland Road in Boise, Idaho, committed negligence by failing to post a sign at its water pump warning that the water was non-potable. Plaintiff apparently drank water from that pump and allegedly "was nearly killed" by "poison water." *Compl.*, Dkt. 2, at 4.

**3.   Discussion**

Plaintiff has not established subject matter jurisdiction or alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

### A. *The Complaint Does Not Establish Jurisdiction*

Because federal courts are courts of limited subject matter jurisdiction, every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). This Court cannot hear Plaintiff's case unless he satisfies the Court that a basis for jurisdiction exists.

Federal district courts have original jurisdiction to consider questions of federal law—that is, claims arising under a federal statute, the federal Constitution, or a federal treaty. 28 U.S.C. § 1331. The Court can also hear cases that qualify for diversity jurisdiction under 28 U.S.C. § 1332, which requires that the parties be citizens of different states and that the amount in controversy be over $75,000.00. In addition, if a district court has federal-question or diversity jurisdiction over a claim, it can also hear state law claims that "are so related to" the claim over which the court has original jurisdiction that the federal and state law claims "form part of the same case or controversy." 28 U.S.C. § 1367.

Plaintiff's Complaint invokes federal-question jurisdiction under § 1331. *Compl*. at 3. However, Plaintiff has not identified any federal law as the basis for jurisdiction under that statute. Instead, he states that he is bringing a negligence claim, which arises under Idaho state law.[1] *Id*. at 4.

---

[1] At one point, Plaintiff tangentially refers to unidentified federal-law claims by stating that "the attorney that will be assigned to this case will list federal and state statutes." *Compl*. at 3. But

Plaintiff also has not established diversity jurisdiction under § 1332. Although Plaintiff's request for $800,000 in damages satisfies the amount-in-controversy requirement, he has not identified the citizenship of the parties. *See id*. at 3–4. Thus, the Court cannot conclude that it has diversity jurisdiction.

In any amended complaint, Plaintiff must establish that this Court has original jurisdiction over his claim. Plaintiff should be aware that for a business entity like Defendant, the entity is deemed to be a citizen of the state in which it has its principal place of business, which is the state "where the corporation conducts the most activity that is visible and impacts the public. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990).

### B. The Complaint Does Not State a Plausible Negligence Claim

Even if the Court were to have jurisdiction over this case, the Complaint fails to state a claim upon which relief may be granted. The elements of a negligence claim under Idaho law are "(1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *McDevitt v. Sportsman's Warehouse, Inc.*, 255 P.3d 1166, 1169 (Idaho 2011). A person breaches a duty when that person acts in a

---

Plaintiff is proceeding pro se, meaning without an attorney. The Complaint must establish jurisdiction at the time of filing. Plaintiff cannot wait to do so until some later time.

manner in which a reasonable person would not. *See Steed v. Grand Teton Council of the Boy Scouts of Am., Inc.*, 172 P.3d 1123, 1129 (Idaho 2007) (describing the reasonable person standard as a "negligence standard of care")).

Plaintiff alleges only that the water in the service station's pump was non-potable, or poison, and that it nearly killed him. These allegations are much too vague and generalized for Plaintiff to proceed. Any amended complaint must contain facts in sufficient detail to permit a reasonable inference that Defendant had a duty to warn the public that the water was non-potable, that Defendant failed to do so, and that the non-potable water proximately caused Plaintiff's injury, which Plaintiff must describe in the amended complaint. *See McDevitt*, 255 P.3d at 1169.

4. **Standards for Amended Complaint**

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds*

by *Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days within which to file an amended complaint as

described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon relief may be granted, failure to prosecute, or failure to comply with a Court order.

DATED: June 14, 2022

B. Lynn Winmill
U.S. District Court Judge

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three strikes, he is prohibited from filing any action in forma pauperis unless he shows that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).