UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TY DONALD BRADFORD,<br><br>                Plaintiff,<br><br>v.<br><br>JACKSON SERVICE STATION,<br><br>                Defendant. | Case No. 1:22-cv-00166-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

      Plaintiff Ty Donald Bradford is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 6.

      Plaintiff has now filed an Amended Complaint. Dkt. 7. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

      Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial Complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1.    **Screening Requirement**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

2.    **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.   **Discussion**

Plaintiff sues Jackson Service Station, alleging that the station failed to warn the public that the water outside the station, which was publicly accessible, was not potable. Plaintiff alleges that he suffered severe injuries from drinking the allegedly contaminated water. He asserts claims under 42 U.S.C. § 1983, the federal civil rights statute, and under Idaho state law. *Am. Compl.* at 1.

To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person *acting under color of state law*. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). This means that the defendant must be a government actor. Section 1983 does not provide a remedy for purely private conduct, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988).

Here, the only named Defendant is a private company. Such entities can be subject to suit under § 1983 for violating Plaintiff's civil rights only if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted). The Supreme Court has identified several contexts in which a private party can be considered a state actor for purposes of a civil rights

action. *Id.* at 296. These include the following situations: (1) the private party's action results from the state's "exercise of coercive power" or "significant encouragement"; (2) the private party participates in "joint activity" with the state; (3) the private party is "controlled by an agency of the State"; (4) the private party "has been delegated a public function by the State"; and (5) the private party is "entwined with governmental policies," or "the government is entwined in [the private party's] management or control." *Id.* (internal quotation marks omitted).

The Amended Complaint contains no allegations reasonably suggesting that the station's failure to place a warning sign about its water can be fairly attributed to any governmental entity. Therefore, the Amended Complaint does not state a plausible § 1983 claim.

4. **Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief under federal law, the Court will dismiss Plaintiff's § 1983 claims with prejudice and without leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the

requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim."). Plaintiff's state law claims will be dismissed without prejudice to Plaintiff's asserting them in state court, as the Court declines to exercise supplemental jurisdiction over those claims.[1] *See* 28 U.S.C. § 1367(c)(3).

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 8) is GRANTED.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, this entire case is DISMISSED, with prejudice in part and without prejudice in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: September 7, 2022

B. Lynn Winmill
U.S. District Court Judge

---

[1] The Amended Complaint fails to establish diversity jurisdiction over Plaintiff's state law claims, under 28 U.S.C. § 1332, because Plaintiff has not heeded the Court's instruction to identify the citizenship of the parties. *See Init. Rev. Order* at 4–5.